[DO NOT PUBLISH]

IN THE UNITED STATES COURT OF APPEALS

FOR THE ELEVENTH CIRCUIT

FILED
U.S. COURT OF APPEALS
ELEVENTH CIRCUIT
OCT 3, 2006
THOMAS K. KAHN
CLERK

_____

No. 06-11758
Non-Argument Calendar

_____

D. C. Docket No. 04-01750-CV-T-17-MAP

TERRY L. JOHNSON,

Plaintiff-Appellant,

versus

SWITCH AND DATA MANAGEMENT COMPANY LLC,
a Delaware limited liability company,

Defendant-Appellee.

_____

Appeal from the United States District Court
for the Middle District of Florida

_____

**(October 3, 2006)**

Before BLACK, CARNES and PRYOR, Circuit Judges.

PER CURIAM:

Terry Johnson appeals the district court's grant of summary judgment in

favor of his former employer, Switch and Data Management Company, LLC

(Switch and Data), in an action alleging violations of Title VII of the Civil Rights

Act of 1964, 42 U.S.C. § 2000e-2(a)(1); 42 U.S.C. § 1981; and Florida's Civil

Rights Act of 1992, § 760.10(1)(a), Fla. Stat.  We affirm the district court.

We review a district court's grant of summary judgment *de novo*, viewing all

the facts in the record in the light most favorable to the non-moving party, and

drawing all inferences in his favor.  *Frederick v. Sprint/United Mgmt. Co.*, 246

F.3d 1305, 1311 (11th Cir. 2001).  Summary judgment is proper "if the pleadings,

depositions, answers to interrogatories, and admissions on file, together with the

affidavits, if any, show that there is no genuine issue as to any material fact and

that the moving party is entitled to a judgment as a matter of law."  Fed. R. Civ. P.

56(c).

Once a plaintiff establishes a *prima facie* case of discrimination and the

employer articulates a legitimate, non-discriminatory reason for the adverse

employment decision, the plaintiff must then show the employer's proffered reason

was pretext for discrimination.[1]  *Texas Dept. of Community Affairs v. Burdine*, 101

S. Ct. 1089, 1094-95 (1981).  Switch and Data concedes Johnson can establish a

---

[1]  The same *prima facie* case and burden-shifting mechanisms apply to Title VII and § 1981 discrimination claims.  *Standard v. A.B.E.L. Servs., Inc.,* 161 F.3d 1318, 1330 (11th Cir. 1998).  Also, "Florida's Civil Rights Act is patterned after Title VII, and thus federal case law dealing with Title VII is applicable to employment discrimination claims brought under Florida law." *Maniccia v. Brown*, 171 F.3d 1364, 1368 n.2 (11th Cir. 1999).

*prima facie* case of racial employment discrimination, and Johnson concedes Switch and Data can provide a legitimate, non-discriminatory reason for terminating his employment. Thus, the only issue before us is whether Johnson presented evidence showing the reason for his firing–deficient performance–was pretextual.

A plaintiff may show pretext either by directly persuading the court a discriminatory reason motivated the defendant, or by indirectly showing the employer's proffered explanation is unworthy of credence. *Id.* at 1095. The relevant inquiry on the issue of pretext is whether the employer's proferred reason was a cover-up for a discriminatory action. *Rojas v. Florida*, 285 F.3d 1339, 1342 (11th Cir. 2002). A court's purpose is not to determine whether the employer's decision was prudent or fair, but is to determine whether an unlawful discriminatory animus motivated the employment decision. *Id.* Stated differently, pretext is not present "unless it is shown *both* that the reason was false, *and* that discrimination was the real reason." *St. Mary's Honor Ctr. v. Hicks*, 113 S. Ct. 2742, 2752 (1993). Moreover, where the plaintiff creates "only a weak issue of fact as to whether the employer's reason was untrue and there [is] abundant and uncontroverted independent evidence that no [unlawful] discrimination [has] occurred," the employer is entitled to judgment as a matter of law. *Reeves v. Sanderson Plumbing Prods., Inc.*, 120 S. Ct. 2097, 2109 (2000).

3

Here, the evidence established that Johnson was performing deficiently. He received several poor performance evaluations, and was then put on a 30-day probationary period. During the probationary period, Johnson's supervisor devised an objective method to test his performance and productivity. When Johnson failed to perform at adequate levels, Switch and Data terminated his employment.

To establish pretext, Johnson presented evidence showing that he received a merit-based pay raise, he was appointed to a lead designer position just three weeks before he was terminated, and a vice president of Switch and Data praised his work. None of this evidence raises a genuine issue of material fact. The merit-based pay raise Johnson received was long before his termination date and irrelevant to establish pretext. The appointment to a lead designer position was not a promotion and, therefore, does not establish Johnson was performing well. Finally, the praise from the company's vice president was sent via e-mail to an entire group and does not establish Johnson performed well individually. Johnson is unable to create a genuine issue of material fact that Switch and Data's reason for termination was pretext, and the district court did not err in granting summary judgment.

AFFIRMED.